IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**IVAN VACHKOV**,

    Plaintiff,

v.

**CAROLYN W. COLVIN, Acting Commissioner of Social Security**,

    Defendant.

No. 3:15-cv-00040-MO

OPINION AND ORDER

**MOSMAN, J.**,

Ivan Vachkov challenges the Commissioner's decision denying his claim for Disability Insurance Benefits ("DIB"). I have jurisdiction under 42 U.S.C. § 405(g) and now affirm the Commissioner's decision.

## PROCEDURAL BACKGROUND

On October 22, 2004, Mr. Vachkov filed for DIB under Title II of the Social Security Act, claiming disability beginning on November 15, 1999. (Tr. at 18.) The application was denied on March 22, 2005, and upon reconsideration on May 16, 2012. *Id.* An administrative law judge ("ALJ") held a hearing in May 2013. *Id.* On June 24, 2013, the ALJ issued his decision.

## THE ALJ'S FINDINGS

The ALJ made his decision based upon the five-step sequential process established by the Commissioner. *See Bowen v. Yuckert*, 482 U.S. 137, 140–41 (1987); 20 C.F.R. §§ 404.1520,

1 – OPINION AND ORDER

416.920 (establishing the five-step evaluative process for DIB and SSI claims). At Step One, the ALJ found Mr. Vachkov did not meet his burden of proving he did not engage in substantial gainful activity since the alleged onset date of November 15, 1999. (Tr. at 20.) The ALJ then proceeded past Step One and found Mr. Vachkov did not satisfy the fifth requirement because, although he could not return to his past relevant work, Mr. Vachkov was able to work as a bakery worker, a hand packager, or an agricultural produce packer. (Tr. at 21-25.)

## STANDARD OF REVIEW

I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and the ALJ's findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The reviewing court may not substitute its judgment for that of the Commissioner. *Robbins*, 466 F.3d at 882.

## DISCUSSION

Mr. Vachkov alleges he is disabled and the ALJ erred in denying his claim for disability insurance. Although Mr. Vachkov's briefing is not extensive, the Commissioner in response offers four potential bases for Mr. Vachkov's appeal: 1) whether Mr. Vachkov met his burden of proving he became disabled prior to the date his eligibility for Title II benefits expired; 2) whether Mr. Vachkov proved he did not engage in substantial gainful activity during his alleged disability period; 3) whether the ALJ erred in assigning less weight to Dr. Wicher's opinion; and

2 – OPINION AND ORDER

4) whether substantial evidence supports the ALJ's conclusion that Mr. Vachkov's testimony is not credible as a source of information about his impairments. After reviewing the record, I agree that bases 2, 3, and 4 present Mr. Vachkov's best arguments and address each below.

## I.     The ALJ's conclusion that Mr. Vachkov engaged in substantial business activity during his alleged disabled period

A claimant is entitled to disability benefits if she demonstrates an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the burden of establishing that she suffers an impairment that makes her unable to engage in substantial gainful activity. *Gomez v. Chater,* 74 F.3d 967, 970 (9th Cir.1996). If a claimant is able to engage in substantial gainful activity, which may be evidenced by work done during the period of claimed disability, she is not disabled. *See* 20 C.F.R. § 404.1571 (2001); *Nelson v. Barnhart*, 41 F. App'x 927, 928 (9th Cir. 2002).

The ALJ determined Mr. Vachkov engaged in work during the time he claimed disability. The ALJ based this finding on statements from Mr. Vackov's son. The son was asked "so the drywall, painting, whatever kind of business he had, so he was active in that up until the time of the prostate surgery [2002] or shortly before?" He responded, "As far as I know, yes." (Tr. at 904.) In addition, the ALJ relied on the Cooperative Disability Investigations Unit Report (CDIUR) which included a claim by Mr. Vachkov that he became unable to work in September, 2003. (Tr. at 20.)

Plaintiff's counsel argued that the ALJ erred by not giving "primary consideration" to Mr. Vachkov's earnings report, which showed little to no income for Mr. Vachkov during the

3 – OPINION AND ORDER

years in question.  The argument is flawed for two reasons.  First, the regulation providing for consideration of the earnings report notes "the fact that your earnings were not substantial will not necessarily show that you are not able to do substantial gainful activity."  20 C.F.R. § 404.1574.  It is not enough for Mr. Vachkov to show no substantial earnings; without more, it does not rebut the testimony of Mr. Vachkov's son.  Second, the regulation Plaintiff cites regarding earnings is limited to people who "are working or have worked as an employee."  *Id.*  The testimony offered by Mr. Vachkov's son was that Mr. Vachkov owned and ran his own business. (Tr. at 904.)  The ALJ, in addition to the testimony of Mr. Vachkov's son, credited the CDIUR which indicated Mr. Vachkov maintained a shop, equipment, painting supplies, trucks, licenses, a contractor's bond, and owned twelve vehicles—all indicia of Mr. Vachkov running his own business. (Tr. at 20.).  The report indicated Mr. Vachkov's personal answering machine answered with "Omega Drywall and Painting" and his personal number was registered to the business.  The ALJ had substantial evidence to conclude that Mr. Vachkov was not an "employee." The ALJ thus was not compelled to find Mr. Vachkov did not engage in substantial activity based on the earnings report.

The ALJ determines credibility and resolves ambiguities. *Nelson v. Barnhart*, 41 F. App'x 927, 928-29 (9th Cir. 2002).  In light of all the evidence, there is substantial evidence to support the ALJ's finding that Mr. Vachkov failed to show he did not engage in substantial gainful activity during his disability period and is thus not eligible for DIB.

**II.    Dr. Wicher's opinion did not show disability limitations during the relevant period**

Plaintiff's counsel argued the ALJ was "not permitted to rest the rejection of Dr. Wicher's opinion" on the fact that it occurred "more than 2 years after the claimant's last insured date." (Tr. at 594; 593.)  However, the ALJ did not reject Dr. Wicher's opinion.  The

4 – OPINION AND ORDER

2005 opinion was that Mr. Vachkov's delusional thinking "would make it hard for him to sustain full-time gainful employment." (Tr. at 168.) Dr. Wicher did not opine on Mr. Vachkov's condition during his disability eligibility period from 1999 to 2002. (Tr. at 165-168.)  Indeed, Dr. Wicher's opinion states Mr. Vachkov's 2005 condition was "a decline from his previous level of functioning." (Tr. at 167.)  The ALJ noted the record included "medical evidence related to the claimant's health after his date last insured in December of 2012 [*sic*], however, these records are not relevant to the claimant's ability to function in a work setting prior to his date last insured." (Tr. at 23.)  Therefore the ALJ did not need to reject Dr. Wicher's 2005 opinion to conclude Mr. Vachkov was ineligible for benefits between 1999 and 2002.

Even if the ALJ had rejected Dr. Wicher's opinion, it would not be error. The Ninth Circuit has held it is appropriate to reject an examining physician's opinion when the examination and diagnosis occur well after the injury and the expiration of disability insured status because the diagnosis "affords little weight and is not reliable." *Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996).  Here, Dr. Wicher's examination occurred in February 2005, over two years after the December 31, 2002 date when Mr. Vachkov was last insured date and more than five years after the November 1999 date of onset.  Because Dr. Wicher's examination occurred well after the injury, the ALJ correctly found it unreliable and gave it little weight in the analysis.

### III.    Claimant's Credibility

In analyzing a claimant's subjective testimony, an ALJ must engage in a two-step inquiry.  First, the ALJ must determine whether the claimant presented "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter*, 504 F.3d at 1036 (quotation omitted).  "Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the

5 – OPINION AND ORDER

claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id*. (quotation omitted).  The ALJ may consider ordinary credibility factors, objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).  The ordinary credibility factors include "considering the claimant's reputation for truthfulness and any inconsistent statements in her testimony." *Tonapetyan v. Halter,* 242 F.3d 1144,1148 (9th Cir. 2001).

      The ALJ determined Mr. Vachkov was a "less than credible witness." (Tr.at 23.) He based this finding on the "discrepancies between the claimant's report of when he last worked and evidence to the contrary." (Tr. at 23.)  Mr. Vachkov testified "the last time I worked was 1996 or [1997] or around that time." (Tr. at 882.)  However, in his 2005 statements to Dr. Wicher, Mr. Vachkov stated he had stopped working "a few years ago" and Mr. Vachkov's son indicated he stopped working in 2002.  (Tr. at 594; 904.)  These discrepancies support the ALJ's conclusion.  The ALJ also found Mr. Vachkov's "apparent failure to report earnings to the United States government further erode[s] his credibility." (Tr. at 23-24.)  The ALJ based this finding on the evidence that Mr. Vachkov owned a business for several years, but those years showed no reported earnings on his earnings record.  (Tr. at 23.)   Because of the discrepancies between Plaintiff's statements and the evidence from other witnesses, the ALJ did not err when he determined, based on substantial evidence, Mr. Vachkov was not a credible witness.

## CONCLUSION

      It is certainly possible to reach a conclusion, based on these facts, more favorable to Plaintiff than the ALJ's determination.  However, the standard of review in this case requires only enough evidence to exist for a reasonable person to find support for the ALJ's conclusions.

6 – OPINION AND ORDER

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). The Commissioner's decision is supported by substantial evidence and is therefore AFFIRMED.

    IT IS SO ORDERED.

    DATED this __6th__ day of January, 2016.

                                        /s/ Michael W. Mosman
                                        MICHAEL W. MOSMAN
                                        United States District Court